**Agnes NATAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–72456.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed March 4, 2008.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,* District Judge.

## MEMORANDUM **

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Agnes Natan petitions for review of the denial of her applications for asylum and withholding of removal. In the alternative, she requests that Singapore not be designated as an alternative country for removal.

### A. *Asylum*

■ An applicant may qualify for asylum either because she suffered past persecution or because she has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b). Natan, who is ethnic Chinese and Catholic, experienced harassment in Indonesia because of her race and religion. Persecution, however, is "an extreme concept" and "[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to persecution within the meaning of the Act." *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir.2004) (internal quotation marks and citation omitted). Substantial evidence supports the Immigration Judge's finding that Natan did not suffer past persecution. *See* 8 U.S.C. § 1252(b)(4)(B).

A well-founded fear of future persecution must be both subjectively genuine and objectively reasonable. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Natan's credible testimony establishes that her fear of returning to Indonesia is subjectively genuine; however, that fear is objectively reasonable only if Natan: (1) established that "there is a pattern or practice of persecution against similarly situated individuals"; or (2) introduced "credible, direct, and specific evidence that [she] faces an individualized risk of persecution." *Id.* (internal quotation marks and citation omitted); 8 C.F.R. § 208.13(b)(2)(iii).

■ First, substantial evidence supports the Immigration Judge's finding that there is no pattern or practice of persecution against ethnic Chinese Catholic women in Indonesia based upon Natan's own experience as a successful executive in Indonesia and evidence of improving country conditions reported in the U.S. State Department's 2000 Indonesia Country Report. *See Lolong*, 484 F.3d at 1180–81.

■ Second, substantial evidence supports the IJ's finding that Natan did not

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

establish an individualized risk of persecution if she returns to Indonesia. Natan's burden of demonstrating an individualized risk of persecution is comparatively lower because ethnic Chinese are a disfavored group in Indonesia. *See Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004). Natan must nevertheless "prove something more than [her] status as [a] female member[ ] of Indonesia's Chinese Christian community" to be eligible for asylum. *Lolong*, 484 F.3d at 1173 n. 6. Natan argues that the harassment she experienced is analogous to that in *Sael.* That case is distinguishable because of the individualized nature of the threats of violence and property damage in *Sael. See* 386 F.3d at 927. Natan never suffered persecution directed at her personally; rather, she was threatened by actions directed indiscriminately at the ethnic Chinese community. Her home in a predominantly ethnic Chinese neighborhood, where her younger brother now lives, was safe from indigenous Indonesian rioters.

**B.** *Withholding of Removal*

Because Natan failed to establish "a well founded fear of persecution" to be eligible for asylum she necessarily failed to establish the higher standard of "clear probability of persecution" to be eligible for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**C.** *Alternate Country for Removal*

██ The Immigration Judge properly designated Singapore as an alternative country for removal because Natan was born in that country. *See* 8 U.S.C. § 1231(b)(2)(E)(iv).

The petition for review is **DENIED.**